780 So.2d 183 (2001)
Sashtri Aaron HARNANAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3036.
District Court of Appeal of Florida, Fifth District.
January 26, 2001.
Rehearing Denied March 2, 2001.
*184 Jeffrey S. Weiner and Michael B. Cohen of Jeffrey S. Weiner, P.A., Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Sashtri Aaron Harnanan, was convicted of first degree murder and car jacking. He raises multiple points on appeal, only one of which merits extended consideration and an opinion by this court. His fourth point contends that the trial court erred in admitting into evidence statements he made to a corrections officer while in custody. The issue is whether these statements arose from improper custodial interrogation.
At trial a hearing was held outside the presence of the jury revealing that Harnanan, after his arrest on June 21, 1997, was properly read his Miranda rights and invoked his right to counsel, who was appointed for him. Thereafter, he was held in the Orange County jail where one Nigel Price was a corrections officer. Two days after his arrest, Harnanan asked Price to place him in a bigger cell, and Price did so. Harnanan thanked Price and asked him to come back later and talk to him. At that point, Price said he could not give Harnanan legal advice. Later, when Price returned to the cell Harnanan observed that Price appeared to be "cool" and stated that he did not know what to do about the murder charge against him. Price asked him if he would like to talk about it, but did not reread any Miranda warnings to Harnanan. A conversation then ensued during which Harnanan incriminated himself.
The trial court concluded that Harnanan had initiated contact with Price and that there was no interrogation since Price had merely "indulged" Harnanan's expressed wish to discuss the case. The trial court found that there was no violation of Harnanan's free will by any subterfuge, force, threats, or any type of coercion or trickery; hence, Harnanan's motion to suppress was denied and his statements were admitted into evidence at trial.
We affirm based upon the following principles. First, it is undisputed that it was Harnanan who initiated the further communication and conversation with Price and thus a waiver of his Fifth Amendment rights could be found. See Minnick v. Mississippi, 498 U.S. 146, 156, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990); Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Second, the trial court's factual finding that the conversation between Harnanan and Price was not an interrogation is supported by the record. Harnanan was not subjected to a custodial interrogation when he spoke to Price. See Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). As such, Harnanan's Fifth Amendment rights, as reflected in the Miranda warnings which had previously been provided to him, were not violated.
AFFIRMED.
PETERSON and PALMER, JJ., concur.